■  MICHAEL DINBERG, Respondent, v. ARTHUR MURRAY, INC., Appellant, et al., Defendant.— Appeal from so much of the judgment of the Supreme Court at Special Term, entered October 18, 1971 in Broome County, upon an order granting summary judgment to plaintiff as against defendant, Arthur Murray, Inc. On July 25, 1968, appellant, Arthur Murray, Inc., entered into a franchise agreement with J. Earl Manning, whereby Manning was authorized to operate an Arthur Murray Dance Studio at 162 Washington Street in the City of Binghamton, New York. Thereafter, Manning incorporated under the name of JEM Entertainment, Inc. (hereinafter referred to as JEM) and on April 15, 1969 respondent entered into a contract with JEM whereby respondent was to receive 115 hours of dance instruction between April 15, 1969 and April 15, 1975 for which he agreed to pay the sum of $2,835. The consideration was paid by respondent and he received 15 hours of instruction. JEM thereafter went out of business and on December 10, 1970 appellant entered into another franchise agreement with Leon Hemsley, the current franchise dealer, for the operation of a dance studio at the same location. On or about December 26, 1970 respondent elected to rescind his contract with JEM and made a demand upon appellant for the return of $2,465, the value of the unused portion of the contract. Thereafter, respondent brought this action against appellant and Hemsley, the current franchise dealer. After issue was joined, respondent brought a motion for summary judgment and defendants made a cross motion for summary judgment. Special Term dismissed the complaint against Hemsley on the ground that there was no privity of contract. No appeal is taken from that order. Respondent's motion against appellant was granted. Appellant argues that since relief is sought under section 394-d (formerly section 394-c) of the General Business Law, respondent is not entitled to recover against it as the franchise seller where respondent seeks a recission of the contract and a refund thereon. Appellant contends that in rescinding the contract respondent elected not to receive the dance lessons at a time when the franchise dealer had not breached the contract, but was ready and able to perform. When JEM discontinued doing business, respondent's contract was breached since JEM had then placed itself in the position where it was unable to perform its contract with respondent. The fact that Hemsley was willing and able to give the instructions is immaterial since there was no privity between the parties, and the record discloses that Hemsley's agreement with appellant precluded him from performing certain material terms of the contract in question. Subdivision a of section 394-d of the General Business Law provides in part: "Any contract for instruction in physical and social skills  *  *  *  between such patron and a franchised dealer shall be enforceable by the patron against the franchise seller either in requiring specific performance of the contract or in holding said franchise seller responsible for damages for a breach thereof." The complaint and respondent's affidavit in support of the motion establish a breach of contract by JEM, and the franchise dealer having breached its contract, respondent was entitled to recover damages from the franchise seller. Judgment affirmed, with costs. Herlihy, P. J., Staley, Jr., Greenblott, Simons and Reynolds, JJ., concur.